[Cite as *In re T.H.*, 2016-Ohio-5597.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

IN RE: T.H.

C.A. No.     28010

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DN 14-09-573

DECISION AND JOURNAL ENTRY

Dated: August 31, 2016

MOORE, Presiding Judge.

{¶1}   Appellant, Caprice H. ("Mother"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that adjudicated her minor child dependent and placed the child in the temporary custody of Summit County Children Services Board ("CSB").  This Court affirms.

I.

{¶2}   Mother is the mother of T.H., born November 23, 2011.  The child's father ("Father") did not appeal from the trial court's judgment.

{¶3}   According to the record in this juvenile court case and the evidence adduced at the adjudicatory hearing, on September 3, 2014, the Akron Police Department executed a search warrant at the home of both parents, who were under investigation for heroin trafficking.  In this juvenile dependency case, neither parent challenged the validity of the search of their home or their persons.

{¶4}    The police searched the home and both parents.  During a search of Mother's person, she admitted that she had "dope" in her pants and that Father had told her to hide it there.  Mother pulled a baggie out of her underwear, which contained approximately 1.5 grams of heroin, one Percocet pill, and "meth[.]"  Mother admitted at the scene that the substance believed to be heroin was, in fact, heroin.  Although the meth was initially confirmed by a field test to be methamphetamine, it was later determined to be methadone.  Mother and Father were arrested at the scene and charged with felony drug offenses.

{¶5}    Because the narcotics unit had been investigating the parents' home for several months, they were aware that the parents had a young child, but he was not with them at the time the search warrant was executed and the parents were arrested.  The police asked the parents about the whereabouts of T.H., but they refused to tell them where he was.  Police eventually located T.H. at the home of a relative and removed him from the legal custody of his parents pursuant to Juv.R. 6.  CSB filed a complaint the next day to allege that T.H. was a dependent child.

{¶6}    The matter proceeded to an adjudicatory hearing before a magistrate, after which the magistrate decided that CSB had failed to prove that T.H. was a dependent child.  The magistrate's decision focused primarily on the fact that T.H. was not at home at the time of the search and the parents' arrest and was later located at the home of a suitable relative.

{¶7}    CSB timely objected to the magistrate's decision.  Following a review of the evidence presented at the adjudicatory hearing, the trial court sustained CSB's objection and adjudicated T.H. a dependent child.  The trial court's decision focused on the drug activity in the family home, the arrest of the parents on felony drug charges, and their failure to disclose the location of their child.  T.H. was later placed in the temporary custody of the relative with whom

he was eventually found after the parents' arrest.  Mother appeals and raises three assignments of error, which will be consolidated and rearranged for ease of review.

I.

## ASSIGNMENT OF ERROR II

THE JUVENILE COURT ERRED WHEN IT FOUND THAT [CSB] WAS NOT REQUIRED TO MAKE REASONABLE EFFORTS TO PREVENT THE CONTINUED REMOVAL OF T.H. FROM HIS PARENTS['] HOME[.]

{¶8}    Mother's second assignment of error is that the trial court erred in finding that CSB was not required to make reasonable efforts to prevent the removal of T.H. from the home because the record fails to support CSB's request for a reasonable efforts bypass under R.C. 2151.419(A)(2).  Although CSB had filed a motion pursuant to R.C. 2151.419(A)(2)(e) to excuse it from making reasonable reunification efforts in this case because Mother's parental rights to older siblings of T.H. had been involuntarily terminated in prior juvenile cases, the trial court did not grant a reasonable efforts bypass in this case.  Because Mother assigns error to a finding that the trial court did not make, her second assignment of error is overruled.

## ASSIGNMENT OF ERROR I

THE JUDGMENT ENTRY ADJUDICATING T.H. DEPENDENT FAILED TO COMPLY WITH []R.C. 2151.28(L).

## ASSIGNMENT OF ERROR III

THE JUVENILE COURT COMMITTED REVERSIBLE ERROR WHEN IT FOUND BY CLEAR AND CONVINCING EVIDENCE THAT T.H. WAS A DEPENDENT CHILD UNDER [R.C.] 2151.04(C).

{¶9}    These assignments of error will be addressed together because they are closely related.  Mother's first assignment of error is that the trial court failed to comply with the requirements of R.C. 2151.28(L), which provides:

If the court * * * determines that the child is a dependent child, * * * [t]he court shall include * * * specific findings as to the existence of any danger to the child

and any underlying family problems that are the basis for the court's determination that the child is a dependent child.

Mother does not dispute that the trial court made specific factual findings about the basis of its dependency adjudication, but contends that those findings do not support an adjudication of dependency. Similarly, Mother's third assignment of error is that the trial court's adjudication of T.H. as a dependent child was not supported by the evidence presented at the hearing.

{¶10} The trial court adjudicated T.H. as dependent pursuant to R.C. 2151.04(C), which defines a dependent child as one "[w]hose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship[.]" An adjudication under R.C. 2151.04(C) "should concentrate on whether the children are receiving proper care and support and look to environmental elements that are adverse to the normal development of children." *In re D.H.*, 9th Dist. Summit No. 25095, 2010-Ohio-2998, ¶ 5, citing *In re Bibb*, 70 Ohio App.2d 117, 120 (1st Dist.1980).

{¶11} CSB presented the testimony of a police detective who executed the search warrant and arrested the parents. The caseworker who eventually located T.H. at his relative's home also testified. The detective, a 23-year veteran of the Akron Police Department who had been in the narcotics unit for 12 years, testified that her unit had been investigating the parents' home for more than two months before executing the search warrant on September 3.

{¶12} Akron Police had searched the home on June 18 but had not found any drugs. The detective testified that, in her experience, the police will sometimes fail to find drugs in a suspected drug house because the residents are out of drugs or have a good hiding spot. Through Father's cross-examination of the detective about whether the police had searched his home a second time because he had bragged on social media about the police "missing dope on him and

his wife" during the prior search, she agreed that Father's social media bragging had been part of the reason for the second search, but that it was not the sole reason.

{¶13} Through its ongoing investigation, the narcotics unit was aware that the parents had a young child and that Father had conducted drug deals from their home with the child present. The detective testified that the child had been present during some of the prior drug transactions. When Father asked the detective why the police had not removed the child during the prior drug activity, she responded that they had considered removing him from the home before but did not.

{¶14} When the police executed the warrant on September 3, T.H. was not at the home and the parents refused to tell them where he was. The police attempted to locate T.H. for several hours and were eventually contacted by a relative late that night. The relative informed them that, although the child had been elsewhere, he was with her at that time. Because the relative was deemed to be a suitable custodian, the police allowed the child to remain with her overnight. They removed T.H. pursuant to Juv.R. 6 the following morning.

{¶15} Mother does not dispute that the police found her in possession of heroin and other illegal drugs in her home, arrested her and Father, that they both remained incarcerated on felony drugs charges at the time of the adjudicatory hearing, or that they refused to disclose the location of T.H. when they were arrested. Instead, she asserts that CSB failed to prove that their drug activity had a detrimental impact on T.H.

{¶16} First, Mother argues that T.H. was not at home at the time the police found the drugs or arrested the parents but was instead found at the home of a suitable relative. There was no evidence before the trial court that T.H. was living with the relative or that the parents had made arrangements for him to stay with her, however. In fact, the testimony was that T.H. was

at another, undisclosed location at the time of the parents' arrest and that he later went to the relative's home. Moreover, the parents refused to cooperate with the police in their efforts to locate T.H. It was not until the relative contacted the police that they learned of the whereabouts of T.H.

{¶17} The "environment" at issue in this case was T.H.'s home, where he resided with Mother and Father. Police had been conducting an ongoing investigation of drug trafficking in the home and ultimately found Mother in possession of several illegal drugs in the family home and arrested both parents on felony drug charges.

{¶18} Mother also argues that her admitted possession of heroin and other illegal drugs and her arrest on felony drugs charges did not establish a detrimental impact on T.H. She relies on two decisions from this Court, *In re R.S.*, 9th Dist. Summit No. 21177, 2003-Ohio-1594 and *In re D.H.*, 2010-Ohio-2998. Neither of these decisions supports her argument.

{¶19} In *In re R.S.*, CSB based its dependency allegations solely on the mother admitting to regularly using marijuana outside the presence of her children. *In re R.S.* at ¶ 6. CSB presented no evidence at the adjudicatory hearing that mother's home or parenting ability were unsuitable or negatively affected by her marijuana use. *Id.* at ¶ 18-19. Moreover, her use and possession of "a minimal quantity of marijuana" would not subject her to potential incarceration. *Id.* at ¶ 21. Consequently, this Court reversed the trial court's adjudication of dependency. *Id.* at ¶ 22.

{¶20} Similarly, in *In re D.H.*, although the police had conducted a search of the parents' home for cocaine and other drugs, the only evidence before the trial court at the adjudicatory hearing was that the search uncovered a small quantity of marijuana in an unspecified location. *In re D.H.* at ¶ 8-9, 12. There was no evidence to demonstrate that the

marijuana was found in a location that was accessible by the children or that they were otherwise affected by the drug. *Id.* at ¶ 12. As in *In re R.S.*, the condition of the home was otherwise suitable for children. *In re D.H.* at ¶ 16.

{¶21} We agree with the trial court that this case is legally distinguishable from *In re R.S.* and *In re D.H.* In this case, there was evidence at the adjudicatory hearing that the police had been conducting an ongoing drug trafficking investigation; had observed drug sales occurring in the home while T.H. was present; ultimately found Mother in possession of heroin and other illegal drugs; arrested both parents on felony drug charges; and both parents remained incarcerated at the time of the adjudicatory hearing on those felony drug charges. Moreover, at the time of their arrest, the parents refused to disclose the location of their child. Until a relative came forward to assist them, the police were unable to check on the safety and well-being of T.H.

{¶22} Mother has failed to demonstrate that the trial court's adjudication of T.H. as a dependent child was not supported by the evidence or that the trial court's factual findings upon adjudication were not sufficient to satisfy R.C. 2151.28(L). Mother's first and third assignments of error are overruled.

### III.

{¶23} Mother's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.


CARLA MOORE
FOR THE COURT


WHITMORE, J.
HENSAL, J.
CONCUR.


APPEARANCES:

AVIVA L. WILCHER, Attorney at Law, for Appellant.

LAWRENCE DELINO, JR., Attorney at Law, for Appellee.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.