[Cite as *In re I.K.-W.*, 2019-Ohio-2807.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: I.K.-W.

C.A. No.     29100

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DN-17-07-0578

DECISION AND JOURNAL ENTRY

Dated: July 10, 2019

HENSAL, Judge.

{¶1}    Appellant, S.K. ("Mother"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that adjudicated her minor child dependent and placed the child in the temporary custody of the child's father, R.W. ("Father"). This Court reverses and remands.

I.

{¶2}    Mother and Father are the parents of I.K.-W., born April 30, 2012. According to the allegations in the initial complaint in this case, Summit County Children Services Board ("CSB") had a prior case with I.K.-W., which resulted in an adjudication that the then three-year-old child was abused and dependent based on her sexualized knowledge and behavior, but no one was identified as the perpetrator of the abuse. The child was returned to Mother's custody under an order of protective supervision. Protective supervision was later terminated, and the prior case was closed.

{¶3}   On July 31, 2017, CSB filed the complaint to commence this case, again alleging that I.K.-W. had been sexually abused.  This time, the complaint alleged that Father had been the perpetrator of the abuse.  At the time this case began, the child was living with Mother in Summit County and Father lived in Lucas County.  CSB's complaint sought a disposition of protective supervision and a no contact order against Father.

{¶4}   Prior to the scheduled adjudicatory hearing, CSB filed a case plan, which focused on providing services to address the allegations in the complaint.  Notably, the only concerns identified by CSB in the case plan pertained to Father's alleged sexual abuse of the child.

{¶5}   The parties convened for an adjudicatory hearing before a magistrate on October 2, 2017.  During an off-the-record discussion between the parties and their counsel, Mother and Father purportedly agreed that the trial court could adjudicate their child dependent.  They signed and initialed written waivers and the magistrate spoke to them on the record.

{¶6}   The magistrate later issued an adjudicatory decision, which incorporated the allegations in an amended complaint that was filed at the same time.  The amended complaint deleted some of the allegations about Father sexually abusing the child.  It also added several unsworn statements of Father that he denied abusing the child, he had experts who could support his defense, and he "believe[d] that [Mother] ha[d] created a false belief in [the child] that sexual abuse has occurred[.]"

{¶7}   The matter proceeded to a contested dispositional hearing, during which Father presented numerous expert and lay witnesses, attempting to prove that he had not abused I.K.-W. but that Mother had coached the child to make false allegations and/or traumatized the child by overreacting to the child's disclosures.  Mother presented the testimony of lay witnesses but was not prepared to present an expert witness to contradict the testimony of Father's experts.

Ultimately, the trial court adjudicated the child dependent and placed her in the temporary custody of Father, under an order of protective supervision.

{¶8}    Mother appealed and raised two assignments of error.  After an initial review of the record in this case, this Court ordered the parties to brief additional issues regarding whether the trial court's adjudication of I.K.-W. complied with statutory and juvenile rule requirements to protect the due process rights of the parents.  Because the due process issue is dispositive of this appeal, this Court confines its review to Mother's supplemental assignments of error.

II.

SUPPLEMENTAL ASSIGNMENTS OF ERROR

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT DID NOT FOLLOW THE STATUTORY MANDATES OF [REVISED CODE SECTION] 2151.28(L) IN PROVIDING A FACTUAL BASIS IN SUPPORT OF ITS ADJUDICATION WHICH DID NOT PROTECT MOTHER'S DUE PROCESS RIGHT TO BE INFORMED OF THE EXISTENCE OF ANY DANGERS TO THE CHILD.

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT DID NOT FOLLOW THE STATUTORY MANDATES OF JUVENILE RULE 29 WHEN FATHER DENIED THE ALLEGATIONS IN THE COMPLAINT AND THE AGENCY DID NOT PROVE BY CLEAR AND CONVINCING EVIDENCE THE ALLEGATIONS IN ITS COMPLAINT.

{¶9}    The authority of the juvenile court in abuse, dependency, and neglect cases is strictly governed by a comprehensive statutory scheme set forth in Revised Code Chapter 2151.  *See, e.g.*, *In re I.S.,* 9th Dist. Summit No. 24763, 2009-Ohio-6432, ¶ 10.   This Court's interpretation of the relevant law is always guided by the fundamental notion that parents have a basic civil right to the care and custody of their child.  *See Stanley v. Illinois*, 405 U.S. 645, 651 (1972).  Revised Code Chapter 2151 and the Juvenile Rules set forth procedures to safeguard the parents' rights before a juvenile court has authority to interfere with their parental rights and adjudicate a child abused, neglected, or dependent.

**Complaint**

**{¶10}** Among the procedural protections set forth in Ohio law, juvenile abuse, neglect, and dependency cases are commenced by the filing of the complaint, which must provide parents with notice of the alleged facts that justify the state intervening into their private family affairs. *See* Juv.R. 22(A); Juv.R. 10; R.C. 2151.27(A). The complaint is "the legal document that sets forth the allegations that form the basis for juvenile court jurisdiction." Juv.R. 2(F).

**{¶11}** Revised Code Section 2151.27(A)(1) authorizes "any person having knowledge" about the allegations of abuse, neglect, or dependency to file a "sworn" complaint before the adjudicatory hearing. The statute further provides that, "in addition to the allegation that the child * * * is [a] * * * dependent child, the complaint shall allege the particular facts upon which the allegation that the child * * * is [a] * * * dependent child is based."

**{¶12}** Juvenile Rule 10(B) also requires that a complaint shall:

(1) State in ordinary and concise language the essential facts that bring the proceeding within the jurisdiction of the court * * *;

(2) Contain the name and address of the parent, guardian, or custodian of the child or state that the name or address is unknown;

(3) Be made under oath.

**{¶13}** The only sworn complaint filed in this case, and the only complaint filed before the adjudicatory hearing, was CSB's original complaint. As detailed already, the allegations in that complaint pertained solely to potential sexual abuse of the child by Father.

**{¶14}** In other words, according to the record, the only notice provided to these parents before the adjudicatory hearing was that they would need to defend against allegations that Father had sexually abused the child. Neither CSB nor any other person had filed a complaint to question Mother's parenting of I.K.-W. or to put her on notice that she would be required to

defend against any allegations that she had done or failed to do anything to justify the state intervening into her fundamental right to the care and custody of her child.

## Case Plan

{¶15} As required by Revised Code Section 2151.412(D), CSB filed a case plan in this case prior to the date set for the adjudicatory hearing. The case plan filed on September 29, 2017, was the only case plan filed prior to the adjudication of the child. Based on the allegations in the complaint, the concerns identified in the case plan were that Father had allegedly sexually abused I.K.-W. and the child and Mother had suffered trauma and emotional harm as a result.

{¶16} Pending adoption by the trial court, the case plan required Father to obtain a sexual abuse assessment and follow through with any treatment recommendations and required Mother and the child to obtain counseling to address the trauma that each had sustained because the child had allegedly been the victim of sexual abuse. Although counseling was required for Mother, the only stated case plan goal was to address the emotional harm that she had suffered because of the alleged sexual abuse of her child. The case plan further indicated that CSB had discussed the case plan with Mother and she had agreed to its terms during a face-to-face meeting with the agency. *See* R.C. 2151.412(E).

## Waiver of Adjudicatory Hearing

{¶17} The parents had a statutory right to a formal adjudicatory hearing, at which the rules of evidence would be enforced, and the allegations in the complaint must be proven by clear and convincing evidence. *See* R.C. 2151.35(A); Juv.R. 29(E)(4). Although the parties may waive their rights to an adjudicatory hearing and admit to the allegations in the complaint, their waivers must be knowing, voluntary, and intelligent. *See* Juv.R. 29(C) and (D). The trial court

must personally address the parties and determine whether they fully understand the allegations against them and the rights that they are waiving. Juv.R. 29.

{¶18} On October 2, 2017, the parties convened for an adjudicatory hearing. Although the parties had discussions off the record prior before the hearing commenced, this Court's review is necessarily confined to the written record on appeal. *In re T.R.*, 9th Dist. Summit No. 28619, 2018-Ohio-1144, ¶ 8. According to the record, Mother and Father each signed and initialed a form WAIVER OF TRIAL RIGHTS, in an apparent attempt to waive their rights to an evidentiary hearing to adjudicate their child dependent. From the face of the two written waivers, however, the record fails to reflect that Mother and Father agreed about the rights that they were waiving and/or the factual basis for the adjudication of dependency.

{¶19} Mother's written waiver indicates that she agreed to the pre-typed WAIVER OF TRIAL RIGHTS form. She signed and initialed the form, indicating that she understood that if she admitted to the allegations in "the complaint," her child could be adjudicated dependent. In handwriting on Father's written waiver, on the other hand, the pre-typed word "complaint" was crossed out in two separate places and replaced with handwritten references to the "amended complaint," which was not filed in the case until the entry of the adjudicatory decision. The amended complaint crossed out several references to alleged abuse by Father and added unsworn statements that Father denied that he had sexually abused the child but that he "believe[d] that [Mother] ha[d] created a false belief in [the child] that sexual abuse has occurred[.]"

{¶20} In other words, it appears that Mother and Father had not agreed to the same set of facts but that, instead, Mother agreed that, as alleged in CSB's original complaint, Father had sexually abused the child. Father, on the other hand, agreed with his own unsworn allegations in the amended complaint that Mother had coached the child to falsely report abuse, a ground that

was not alleged in the original complaint or in any other complaint that had been filed prior to that time.

{¶21} Unless and until the trial court found that CSB proved or the parties agreed to a specific set of circumstances to support the dependency adjudication, the matter should not have proceeded to disposition, but the case should have been dismissed. *See* R.C. 2151.35(A)(1); Juv.R. 29(F). Of note, when the magistrate commenced the hearing and discussed the parents' stipulation to an adjudication of dependency, he observed that "[s]ome of the issues at hand are still in controversy." As is apparent from the record, the issues still disputed were the basic facts underlying the adjudication of dependency.

{¶22} The amended complaint set forth competing allegations about the condition or environment of the child, without any actual statements of facts that formed the basis for an adjudication of dependency. Even if this Court could conclude that the parties agreed to the statements made in the amended complaint, the amended complaint did not set forth "the essential facts which bring the proceedings within the jurisdiction of the court." *In re Hunt,* 46 Ohio St.2d 378 (1976), paragraph one of the syllabus.

### Adjudicatory Decision

{¶23} Because the competing allegations of the amended complaint were incorporated into the trial court's adjudication of the child, the adjudicatory decision is also defective because it fails to state the underlying facts that support the adjudication. If the juvenile court adjudicates a child dependent, it must issue written findings of fact to include "specific findings as to the existence of any danger to the child and any underlying family problems that are the basis for the court's determination that the child is a dependent child." R.C. 2151.28(L). Those findings are required whether the matter is adjudicated after a contested evidentiary hearing or through less

formal proceedings by agreement of the parties. *See, e.g., In re T.C.*, 9th Dist. Wayne Nos. 18AP0021 and 18AP0022, 2018-Ohio-4369, ¶ 10; *In re G.D.*, 9th Dist. Summit No. 27337, 2014-Ohio-3476, ¶ 16.

**{¶24}** Factual findings underlying the adjudication of dependency protect the parents' due process rights to be informed of the conditions of the child's environment that caused the dependency adjudication and are often relevant to subsequent proceedings in the juvenile and appellate courts to determine whether the parents did or did not remedy the conditions that caused the state to assume guardianship of their child. *See id.* The adjudicatory decision in this case failed to provide the parents with adequate notice about what "conditions" justified state intervention and what the juvenile court required them to remedy to regain full custody of their child.

**{¶25}** The trial court did not accept a stipulation to dependency based on an agreed set of circumstances, but instead adjudicated this child dependent based upon uncertain and inconsistent underlying facts. This matter proceeded to a contested dispositional hearing, during which the parties continued to dispute the facts underlying the adjudication of dependency. Evidence was presented about the disputed facts during a less formal dispositional hearing, under a lower burden of proof, during which Mother was not prepared to present expert testimony to defend against Father's experts. The trial court ultimately removed the child from Mother's custody and placed the child with Father, implicitly finding that Father had not abused the child, but that Mother had overreacted to the child's allegations of abuse.

**{¶26}** The due process problems in this case are further demonstrated by the trial court's adoption of a case plan in its dispositional decision. All parties are bound by the terms of the journalized case plan. R.C. 2151.412(F)(1). The case plan that had been filed focused solely on

allegations that Father had sexually abused the child and set forth services designed to remedy that problem. No new case plan was filed in this case, but instead the trial court ultimately adopted the original case plan "except wherein the case plan conflicts with this Order." Given that the concerns and goals of the original case plan are completely inconsistent with the trial court's dispositional order, it is unclear how any of the parties could comply with or enforce the uncertain terms of the journalized case plan.

{¶27} Insofar as the trial court committed plain error by failing to protect the parents' due process rights in the adjudication of this child, Mother's supplemental assignments of error are sustained. The remaining assignments of error will not be addressed. Father's MOTION FOR CLARIFICATION filed after the oral argument in this case is denied as moot.

### III.

{¶28} The supplemental assignments of error are sustained as explained above. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

NICHOLAS KLYMENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.

WILLIAM WHITAKER, Attorney at Law, for Appellee.

DIANNE MARIE CURTIS, Attorney at Law, for Appellee.

JOSEPH KERNAN, Attorney at Law, for Appellee.