OPINION
{¶ 1} Appellant, T.J., appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, finding that her son, S.W., is a neglected and dependent child, *Page 2 
and granting custody of the child to the paternal grandparents.
 {¶ 2} S.W. was born on December 17, 2003. From the time of his birth until late September 2005, S.W. and his mother lived with the paternal grandparents. On November 10, 2005, the paternal grandmother filed a complaint alleging that S.W. was a neglected and dependent child. The complaint alleged that appellant had a lengthy history with the Butler County Children Services Board (BCCSB). The complaint also alleged that since appellant and S.W. moved out of the grandparents' home, S.W. had been in the grandparents' custody more than half of the time, and that appellant dropped the child off without indicating when she would return. The complaint further alleged that the grandmother had taken the child to the doctor for burn marks on the face and chin.
 {¶ 3} The grandmother was granted temporary custody of S.W. in an ex parte order, and after a hearing, the temporary custody order was continued. A hearing on the neglect and dependency complaint was held on July 20, 2006. By entry dated August 4, 2006, the court found S.W. was a neglected and dependent child and temporary custody to the grandparents was continued. A disposition hearing was held on September 7, 2006. The court, in an entry dated September 13, 2006, again granted temporary custody to the grandparents and ordered supervised visitation for appellant.
 {¶ 4} Appellant separately appealed the trial court's decision on both adjudication and disposition and the two cases were consolidated on appeal. Appellant raises the following two assignments of error for our review:
 {¶ 5} "THE TRIAL COURT VIOLATED MOTHER'S CONSTITUTIONAL RIGHTS AND PREJUDICIALLY ERRED WHEN IT FOUND THE CHILD TO BE NEGLECTED *Page 3 
AND DEPENDENT AND CONTINUED TEMPORARY CUSTODY OF THE CHILD TO THE PATERNAL GRANDPARENTS BY A JUDGMENT ENTRY IN WHICH THE COURT FAILED TO STATE FINDINGS OF FACT AND CONCLUSIONS OF LAW AS REQUIRED BY R.C.2151.28 AND R.C. 2151.419, FAILED TO HOLD PLAINTIFF TO HER BURDEN OF CLEAR AND CONVINCING PROOF, AND FAILED TO HAVE EVIDENCE AND FINDINGS SUFFICIENT TO MEET THE BURDEN [OF] PROOF AND SUPPORT FINDINGS OF NEGELCT, DEPENDENCY AND REASONABLE EFFORTS."
 {¶ 6} In her first assignment of error, appellant essentially challenges the trial court's findings. She argues that the trial court did not apply the correct standard of proof, failed to make sufficient findings of fact and conclusions of law, and that the findings are insufficient to establish neglect, dependency and reasonable efforts.
 {¶ 7} Appellant first argues that the trial court erred when it made only a "cursory statement" that the facts set forth in the complaint were adopted and incorporated by reference. On the judgment entry, the court checked a box that stated that the facts set forth in the complaint were adopted and incorporated by reference.
 {¶ 8} R.C. 2151.28(L) states that if the court determines that the child is a dependent child, "the court shall incorporate that determination into written findings of fact and conclusions of law and enter those findings of fact and conclusions of law in the record of the case. The court shall include in those findings of fact and conclusions of law specific findings as to the existence of any danger to the child and any underlying family problems that are the basis for the court's determination that the child is a dependent child."
 {¶ 9} As discussed above, the court checked a box on a form indicating that it *Page 4 
was adopting the facts as set forth in the complaint. We find the trial court did not comply with the requirements of R.C. 2151.28(L) in this case. The facts as set forth in the complaint are general allegations, and at least one of the facts alleged in the complaint was directly contradicted by the complainant's own testimony.
 {¶ 10} The complaint alleges that on the morning it was filed, the mother dropped the child off to the grandmother and did not indicate when or if she would be returning. At the hearing, the grandmother testified that the mother indicated she would pick the child up on Thursday and that she did not completely read the complaint and did not know that it alleged this fact when she signed it.
 {¶ 11} The remainder of the allegations in the complaint, while supported by at least some testimony at the hearing, do not meet the requirements of R.C. 2151.28(L), which requires "specific findings as to the existence of any danger to the child and any underlying family problems that are the basis for the court's determination that the child is a dependent child." In addition, the complaint alleges dependency by tracking the statutory language of the entire dependency section. This broad, general statement is insufficient to meet the requirements that the court include conclusions of law in its decision, as we are unable to determine the basis of the court's dependency finding.
 {¶ 12} As a whole, the complaint fails to meet the standards above for findings of fact and conclusions of law statutorily necessary for a dependency finding. Based only on the complaint, we are unable to determine what facts the court found relevant in determining S.W. was dependent, what facts the conclusions of law were based upon, and what specific conclusions of law were made.
 {¶ 13} Appellant also argues that the court's findings regarding reasonable efforts *Page 5 
are insufficient. In its August 4, 2006, decision, the court checked a box, indicating that reasonable efforts were made by the agency to prevent removal of the child from his home or to prevent removal. Although the form used by the court contains a line under this box, no further explanation was provided by the trial court.
 {¶ 14} At an adjudicatory hearing to determine if a child is dependent, the court shall determine whether the agency that filed the complaint has made reasonable efforts to prevent the removal of the child from his home or to make it possible for the child to return home safely. R.C. 2151.419(A)(1). The burden of proof is on the agency to show that reasonable efforts were made. Id. The court "shall issue written findings of fact setting forth the reasons supporting its determination." R.C. 2151.419(B)(1). If the court makes a written determination under R.C. 2151.419(A)(1), it "shall briefly describe in the findings of fact the relevant services provided by the agency to the child's family and why those services did not prevent the removal of the child from his home or enable the child to return home safely." Id.
 {¶ 15} Again, in this case, the court simply checked a box that reasonable efforts were made without providing any further support for its determination. Accordingly, we are unable to determine what facts the court found to support this determination. We note that on appeal, appellees argue that reasonable efforts were not required pursuant to R.C. 2151.419(A)(2)(e) because appellant has previously had other children removed from the home. While the record supports appellees' argument, the trial court did not make a finding that reasonable efforts were not required. As we are remanding this case for the court to make written findings of fact and conclusions of law, we remand this issue as well for the court to clarify. *Page 6 
 {¶ 16} As the trial court failed to meet the requirements of R.C.2151.28(L), we sustain appellant's first assignment of error, reverse the trial court's order of August 4, 2006 and remand this case for the trial court to make written findings of fact and conclusions of law that comply with the statute. Appellant's first assignment of error is sustained.
 {¶ 17} "THERE WAS INSUFFICIENT EVIDENCE IN THE RECORD TO SUPPORT A FINDING OF NEGLECT, DEPENDENCY, OR REASONABLE EFFORTS AND AS A RESULT, THE TRIAL COURT'S ORDER ALSO CONSTITUTES AN ABUSE OF DISCRETION CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 18} Appellant's second assignment of error essentially challenges the sufficiency of the evidence, along with the manifest weight of the evidence. As we find it necessary to remand this case for written findings of fact and conclusions of law, this assignment of error is rendered moot.
 {¶ 19} Reversed and remanded.
 BRESSLER, P.J. and WALSH, J., concur. *Page 1