[Cite as *In re P.C.*, 2020-Ohio-2889.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
LOGAN COUNTY

IN RE:

    P.C.,

ADJUDGED DEPENDENT CHILD.

[DANIEL C. - APPELLANT]

CASE NO. 8-19-45

O P I N I O N

IN RE:

    A.C.,

ADJUDGED DEPENDENT CHILD.

[DANIEL C. - APPELLANT]

CASE NO. 8-19-46

O P I N I O N

IN RE:

    C.C.,

ADJUDGED DEPENDENT CHILD.

[DANIEL C. - APPELLANT]

CASE NO. 8-19-47

O P I N I O N

IN RE:

    P.C.,

ADJUDGED DEPENDENT CHILD.

[DANIEL C. - APPELLANT]

CASE NO. 8-19-54

O P I N I O N

IN RE:

    A.C.,

                                **CASE NO.  8-19-55**

ADJUDGED DEPENDENT CHILD.

                                **O P I N I O N**

[DANIEL C. - APPELLANT]

IN RE:

    C.C.,

                                **CASE NO.  8-19-56**

ADJUDGED DEPENDENT CHILD.

                                **O P I N I O N**

[DANIEL C. - APPELLANT]

**Appeals from Logan County Common Pleas Court**
**Juvenile Division**
**Trial Court Nos. 18-CS-0037B, 18-CS-0037C and 18-CS-0037D**

**Judgments Vacated and Causes Remanded**

**Date of Decision:  May 11, 2020**

**APPEARANCES:**

    *Alison Boggs* **for Appellant**

    *Stacia L. Rapp* **for Appellee**

Case Nos. 8-18-45, 46, 47, 54, 55, 56

**SHAW, P.J.**

{¶1} Father-appellant ("Daniel C.") appeals the December 18, 2018 judgments of the Logan County Common Pleas Court, Juvenile Division, adjudicating his children P.C., A.C., and C.C. dependent, placing them in the temporary custody of Paternal Grandparents, granting Daniel supervised parenting time subject to the approval of Logan County Children's Services (the "Agency"), and placing the children under the protective supervision of the Agency. Daniel also appeals the trial court's September 20, 2019 judgment entries granting the request of the children's Mothers to immunize the children.

*Relevant Facts and Procedural History*

{¶2} On August 6, 2018, the Agency filed complaints and a motion for temporary orders alleging P.C. (born in 2007), A.C. (born in 2010), and C.C. (born in 2013) to be dependent children. According to the complaints, all three children were residing with their father, Daniel, at the time. The record establishes that Danielle F. is the mother of P.C. and A.C. and Amy C. is the mother of C.C.

{¶3} As the basis for the complaints, the Agency alleged that it had received "multiple referrals" regarding concerns for the well-being of the children. (Doc. No. 1 at 2).[1] The complaints alleged that in February of 2018, Daniel had left the children in the care of their older sibling D.C., who was also a minor at the time, for

---

[1] For ease of discussion, when making reference to the record we will use the docketing numbers assigned to Case No. 18-CS-0037B, Appellate Nos. 8-19-45 and 8-19-54.

-3-

eight to ten days while Daniel and his wife travelled out of state.[2]  The Agency also alleged to have received reports of filthy living conditions in Daniel's home; that Daniel permitted the children to consume alcoholic beverages; that Daniel smoked marijuana in front of the children; that the children have inadequate food and clothing; and that P.C. and A.C. have a significant amount of absences from school due to Daniel's failure to treat a chronic lice problem that has reportedly been an issue for the last three years.

{¶4} The complaints further alleged that D.C., with whom the children were left, is " 'very slow' cognitively and is 'always in trouble with the courts for thieving and getting into trouble;' " that Daniel is suspected of selling marijuana and using it with D.C.; and that Daniel and his wife, who is not the mother of any of the children, constantly fight in front of the children creating an unstable environment. (Doc.  No. 1 at 4).  The Agency also claimed that when it tried to investigate the allegations in these referrals, Daniel refused to cooperate and told the caseworkers to return with a court order.

{¶5} The Agency explained that it had been involved in three prior cases with Daniel since 2011 and that in each of those cases Daniel was uncooperative and had a history of refusing to comply with the drug screening in the case plans.  These prior cases involved concerns of improper supervision in Daniel's home with C.C.

---

[2] At the time the complaints were filed, there was also a dependency case opened regarding the children's older sibling D.C. (born in 2001), who has since attained the age of majority and is not part of these appeals.

found wondering outside, concerns with Daniel's drug use, an incident in which A.C. was alleged to have struck C.C. causing him to have a nose bleed, and concerns with P.C. and A.C. not completing their school work and ongoing issues with the children having lice and bed bug bites. In August of 2017, Daniel eventually completed the case plan objectives and the cases were closed. However, the Agency stated that based upon the most recent referrals its involvement with the family appeared to be warranted again.

{¶6} On October 1, 2018, the trial court issued a judgment entry finding probable cause to remove the children from Daniel's home and placed them in the temporary custody of the Agency. After a shelter care hearing, the children were placed in the temporary care of Paternal Grandfather and Paternal Step-Grandmother.

{¶7} On October 4, 2018, the trial court issued a judgment entry ordering Daniel to allow the Agency to have access to his home so that the home may be inspected and the children could be interviewed. In the entry, the trial court "warned" Daniel "not to coach the Minor Children prior to their interviews" with the Agency. (Doc. No. 47 at 2). Thereafter, the Agency filed case plans in the matters.

{¶8} On October 25 and 30, 2018, the trial court conducted an adjudication and disposition hearing on the Agency's dependency complaints. Several witnesses

testified for the Agency including ongoing Agency caseworkers, Danielle F. (mother of P.C. and A.C.), and Paternal Step-Grandmother (temporary legal custodian). Daniel presented testimony from numerous witnesses in support of his case including that of his Mother, his then-wife, and family acquaintances. Daniel also testified at the hearing.

{¶9} On December 18, 2018, the trial court issued judgment entries finding clear and convincing evidence to adjudicate the children dependent under R.C. 2151.04(C). The trial court ordered the Agency to continue its protective supervision of the children and placed the children in the temporary custody of Paternal Grandfather and Paternal Step-Grandmother. Daniel was granted supervised visitation with children subject to the Agency's approval.

{¶10} On June 27, 2019, Danielle F. filed a Motion for Vaccination of P.C. and A.C., and requested a hearing on the matter. In response, Daniel filed a motion opposing the immunization of P.C. and A.C.

{¶11} On August 22, 2019, the trial court held a hearing on the Motion for Vaccination. At the hearing, the trial court also considered a request to vaccinate C.C.[3] Daniel testified to his beliefs against vaccinating his children. He explained that he specifically objected to certain ingredients in some vaccines, such as mercury

---

[3] Although not explicitly clear from the record, it appears that Amy C. also sought to have C.C. vaccinated. (Aug. 22, 2019 Hrg. Tr. at 72). It is important to note that the record demonstrates that the Agency specifically stated that it took no position on the vaccination issue. (Id. at 62-63).

and aluminum. He also expressed concerns about possible side effect of vaccines, such as allergic reactions and death.

{¶12} On September 20, 2019, the trial court issued judgment entries on Danielle F.'s motion to vaccinate P.C. and A.C., and Amy C.'s request to vaccinate C.C. Specifically, the trial court granted the motion to vaccinate and ordered the children to be immunized.

*Appeal Nos. 8-19-45, 8-19-46, 8-19-47*

{¶13} On September 27, 2019, Daniel filed notices of appeal from the trial court's September 20, 2019 Judgment Entries granting the motion to vaccinate the children. Daniel requested a stay of execution with this Court pending disposition of the appeal, which was subsequently granted.

*Appeal Nos. 8-19-54, 8-19-56, 8-19-57*

{¶14} On December 6, 2019, Daniel filed notices of appeal pursuant to App.R. 4(A)(3) alleging that the trial court's December 18, 2018 Judgment Entries adjudicating the children dependent were not properly served upon him pursuant to Civ.R. 58 (B). Notably, there was no response filed by the Agency.

{¶15} Civ.R. 58(B) states that:

**When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ. R. 5(B) and note the service in the appearance docket.**

> **Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App. R. 4(A).**

App.R. 4(A) provides in pertinent part:

> **(1) Appeal From Order That Is Final Upon Its Entry. Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry.**
>
> **\* \* \***
>
> **(2) Delay of Clerk's Service in Civil Case. In a civil case, if the clerk has not completed service of the order within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service.**

{¶16} The tolling provision of App.R. 4(A) applies whenever a party has not been properly served under Civ.R. 58. *In re Anderson*, 92 Ohio St.3d 63, 67, 748 N.E.2d 67 (2001); *see also State v. Peters*, 6th Dist. Lucas No. L-18-1201, 2019-Ohio-4617, ¶ 20 (finding that since service of the judgment was not complete App.R. 4(A)(3) applied and the time for filing an appeal from that judgment had not yet begun to run).

{¶17} Here, the juvenile court's dockets contain no indication by the clerk that Daniel was ever served with notice of the trial court's judgment entries adjudicating the children dependent. Therefore, the time for filing a notice of appeal never began to run because of the failure to comply with Civ.R. 58(B). Accordingly,

the record reflects that Daniel's appeals in these cases were timely filed under App.R. 4(A).

{¶18} This Court consolidated these appeals, upon granting Daniel's motion, for the purposes of consideration of the record, merit briefing, and oral argument.

{¶19} On appeal, Daniel asserts the following assignments of error.

**ASSIGNMENT OF ERROR NO. 1**

**THE TRIAL COURT'S DECISION IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE. APPELLEE DID NOT PROVE BY CLEAR AND CONVINCING EVIDENCE THAT THE CHILDREN WERE DEPENDENT.**

**ASSIGNMENT OF ERROR NO. 2**

**THE TRIAL COURT ERRED WHEN IT FAILED TO MAKE ANY FINDINGS OF FACT AND CONCLUSIONS OF LAW EITHER ON THE RECORD OR IN ITS JUDGMENT ENTRY TO SUPPORT ITS DECISION FINDING THAT THE CHILDREN ARE DEPENDENT.**

**ASSIGNMENT OF ERROR NO. 3**

**THE TRIAL COURT ERRED WHEN IT CONDUCTED THE DISPOSITIONAL HEARING AND ORDERED CASE PLANS INTO EFFECT WHEN APPELLEE DID NOT PRESENT ANY EVIDENCE REGARDING THE CONTENTS OF THE CASE PLANS THUS PREVENTING THE COURT FROM DETERMINING WHETHER THE REQUIREMENTS OF THE CASE PLANS WERE IN THE BEST INTEREST OF THE MINOR CHILDREN.**

**ASSIGNMENT OF ERROR NO. 4**

**THE TRIAL COURT ERRED IN FINDING APPELLEE USED REASONABLE EFFORTS TO PREVENT THE REMOVAL OF THE CHILDREN, TO ELIMINATE THE CONTINUED REMOVAL OF THE CHILDREN OR TO MAKE IT POSSIBLE FOR THE CHILDREN TO RETURN HOME SAFELY AT BOTH THE ADJUDICATION AND DISPOSITIONAL HEARINGS.**

**ASSIGNMENT OF ERROR NO. 5**

**THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S OBJECTION TO THE ADMISSION OF EVIDENCE OF WITNESSES' PRIOR CONVICTIONS THAT WERE OLDER THAN TEN YEARS.**

**ASSIGNMENT OF ERROR NO. 6**

**THE GUARDIAN AD LITEM FAILED TO PERFORM NECESSARY DUTIES PURSUANT TO OHIO REVISED CODE SECTION 2151.281 AND SUPERINTENDENT RULE 48, TO APPELLANT'S DETRIMENT AND IN VIOLATION OF HIS DUE PROCESS.**

**ASSIGNMENT OF ERROR NO. 7**

**THE TRIAL COURT ERRED WHEN IT ALLOWED, ON MULTIPLE OCCASIONS, IMPERMISSIBLE HEARSAY DURING THE ADJUDICATORY HEARING.**

**ASSIGNMENT OF ERROR NO. 8**

**APPELLANT WAS DENIED A FAIR ADJUDICATORY HEARING AS A RESULT OF THE CUMULATIVE ERRORS THAT OCCURRED THROUGHOUT THE HEARING.**

**ASSIGNMENT OF ERROR NO. 9**

**THE JUDGE ERRED WHEN IT ORDERED THE CHILDREN TO BE IMMUNIZED AGAINST APPELLANT'S WISHES, BASED ON THE COURT TAKING JUDICIAL NOTICE OF HIS OWN PERSONAL VACCINATION EXPERIENCE.**

{¶20} For ease of discussion, we elect to address the assignments of error out of order.

*Second Assignment of Error*

{¶21} In his second assignment of error, Daniel claims that the trial court's judgment entries finding the children dependent failed to comply with R.C. 2151.28(L).

{¶22} R.C. 2151.28 governs the adjudicatory hearing. Subsection (L) states the following:

> **If the court, at an adjudicatory hearing held pursuant to division (A) of this section upon a complaint alleging that a child is an abused, neglected, dependent, delinquent, or unruly child or a juvenile traffic offender, determining that the child is a dependent child, the court shall incorporate that determination into written findings of fact and conclusions of law and enter those findings of fact and conclusions of law in the record of the case. The court shall include in those findings of fact and conclusions of law specific findings as to the existence of any danger to the child and any underlying family problems that are the basis for the court's determination that the child is a dependent child.**

{¶23} Daniel argues that the trial court failed to make these requisite findings. On appeal, the Agency concedes that "the Trial Court failed to make written findings of fact in the Judgment Entry finding that the Minor Children were

Dependent." (Appe. Br. at 18). Specifically, the adjudication portion of the judgment entries state the following in its entirety:

> **Based upon the testimony presented, this Court finds, by clear and convincing evidence, that the Minor Children [P.C., A.C., and C.C.] are DEPENDENT as outlined in Section 2151.04(C) of the Ohio Revised Code.**

(Doc. No. 139 at 2).

{¶24} The record clearly establishes that these judgment entries are devoid of any findings of fact and conclusions of law, including "specific findings as to the existence of any danger to the child and any underlying family problems that are the basis for the court's determination that the child is a dependent child." R.C. 2151.28(L). This directly impacts our ability to properly review any of the judgments in this case. *See*, *In re B.S.*, 4th Dist. Highland No. 19CA10, 2019-Ohio-3481, ¶ 5 (stating that "[w]e cannot engage in a meaningful review of the trial court's decision due to a failure to comply with R.C. 2151.28(L)").

{¶25} Therefore, the proper remedy is to remand the cases to the trial court to issue judgment entries of dependency with written findings of fact and conclusions of law in compliance with R.C. 2151.28(L). *See In re S.L.*, 3d Dist. Union Nos. 14-15-07, 14-15-08, 2016-Ohio-5000, ¶ 9; s*ee also e.g.*, *In the matters of T.J.*, 5th Dist. Knox Nos. 19CA02, 19CA03, 19CA04, 2019-Ohio-3626; *In re E.Z.*, 8th Dist. Cuyahoga No. 103728, 103966, 2016 WL 4399394.

**{¶26}** Accordingly, we sustain Daniel's second assignment of error and, in doing so, we vacate the judgments of the trial court to the extent they determined that P.C., A.C., and C.C., are dependent children under R.C. 2151.04(C). We further remand these cases to the trial court to issue judgment entries of dependency incorporating written findings of fact and conclusions of law that comply with R.C. 2151.28(L). *See In re S.L.*, *supra*, at ¶ 9.

*First, Third, Fourth, Fifth, Sixth, Seventh*
*and Eighth Assignments of Error*

**{¶27}** Due to our resolution of the second assignment of error, Daniel's first, third, fourth, fifth, sixth, seventh, and eighth assignments of error are rendered premature and moot at this time.

*Ninth Assignment of Error*

**{¶28}** With regard to Daniel's argument pertaining to the trial court's immunization order, we find our decision sustaining the second assignment also renders our review of that order moot because it is clear that the matter will necessarily have to be revisited once proper judgment entries of adjudication and disposition are issued by the trial court in compliance with the statutory rules.

**{¶29}** Based on the foregoing, the trial court's judgments in these appeals are hereby vacated and the causes are remanded to the trial court to issue judgment entries of dependency incorporating findings of fact and conclusions of law in

accordance with R.C. 2151.28(L).  Whereupon, the trial court must also revisit and enter a new determination and judgment upon the immunization issue.

***Judgments Vacated and***
***Causes Remanded***

**PRESTON and ZIMMERMAN, J.J., concur.**

**/jlr**