[Cite as *In re C.M.*, 2024-Ohio-2713.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

IN RE C.M., ET AL.                    :

                                         Nos. 113440 and 113441

Minor Children                        :

[Appeal by Mother and Father]         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:**  REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:**  July 18, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD-23904983 and AD-23904894

---

### *Appearances:*

Scott J. Friedman, *for appellant* Father.

Wegman Hessler Valore and Matthew O. Williams, *for appellant* Mother.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Joseph C. Young, Assistant Prosecuting Attorney, *for appellee.*

KATHLEEN ANN KEOUGH, A.J.:

{¶ 1}  In these consolidated appeals, Mother and Father appeal from the trial court's judgments that found their children C.M. and A.M. to be dependent and placed them under the protective supervision of the Cuyahoga County Division of

Children and Family Services ("CCDCFS" or the "agency").  We reverse the trial court's judgments to the extent they found the children to be dependent and remand for the court to issue judgment entries incorporating written findings of fact and conclusions of law in compliance with R.C. 2151.28(L).

## I.   Background

{¶ 2}   On April 25, 2023, CCDCFS filed a complaint alleging that Father and Mother's children, A.M., C.M., and M.M., were neglected and dependent and requesting a disposition of temporary custody to the agency.  After multiple hearings, the magistrate issued decisions finding that C.M. and A.M. were dependent children and, pursuant to the agency's amended dispositional request, recommending that they be placed under the protective supervision of the agency.[1]  Both Mother and Father filed objections to the magistrate's decisions.  Because Mother was represented by appointed counsel throughout the proceedings, CCDCFS filed a motion to strike Mother's pro se objections, which the trial court granted.  The trial court also overruled Father's objections.  By entries journalized on November 2, 2023, the trial court adopted the magistrate's decisions adjudicating C.M. and A.M. to be dependent and ordering them placed under the protective supervision of CCDCFS.  Mother and Father filed separate notices of appeal from the trial court's judgments; this court consolidated the appeals for hearing and disposition.

---

[1] The magistrate dismissed the complaint regarding M.M.; no one has challenged that dismissal and he is not a party to this appeal.

## II. Law and Analysis

{¶ 3} In his single assignment of error, Father contends that the trial court erred in placing C.M. and A.M. under the protective supervision of CCDCFS because the evidence presented at the adjudicatory hearing did not support the trial court's finding that the children were dependent. Father also asserts that the trial court's journal entries failed to comply with the requirements of R.C. 2151.28(L). In her first assignment of error, Mother likewise contends that the trial court's dependency findings were not supported by the weight of the evidence. We are unable to review Father's and Mother's arguments regarding the trial court's dependency determinations, however, because the trial court's journal entries do not comply with the requirements of R.C. 2151.28(L).

{¶ 4} Pursuant to R.C. 2151.28(L),

> [i]f the court, at an adjudicatory hearing held pursuant to division (A) of this section upon a complaint alleging that a child is an abused, neglected, dependent, delinquent, or unruly child or a juvenile traffic offender, determines that the child is a dependent child, the court shall incorporate that determination into written findings of fact and conclusions of law and enter those findings of fact and conclusions of law in the record of the case. The court shall include in those findings of fact and conclusions of law specific findings as to the existence of any danger to the child and any underlying family problems that are the basis for the court's determination that the child is a dependent child.

{¶ 5} With respect to the juvenile court's determination that C.M. and A.M. were dependent children, the court's entry in each case states, "The court finds that based upon the testimony heard, that a danger to the child exists. The child is adjudicated to be dependent pursuant to R.C. 2151.04(C)." To support its

dependency determination, the trial court's journal entries state, "The court finds that the allegations of the Complaint which have been proven by clear and convincing evidence are set forth in the attached amended Complaint; see Exhibit A."

{¶ 6} This recitation fails to satisfy the requirements of R.C. 2151.28(L) that the trial court make "findings of fact and conclusions of law," including "specific findings as to the existence of any danger to the child and any underlying family problems that are the basis for the court's determination that the child is a dependent child." As this court has previously found, "bare conclusory statements" such as those in the trial court's entries in this case "are akin to boilerplate and fail to comply with R.C. 2151.28(L)'s directive that findings must be specific." *In re E.Z.*, 2016-Ohio-5412, ¶ 22 (8th Dist.). Specificity is required so that a reviewing court can "determine what facts the court found relevant in determining [the child] was dependent, what facts the conclusions of law were based upon, and what specific conclusions of law were made." *In re S.W.*, 2008-Ohio-1194, ¶ 12 (12th Dist.).

{¶ 7} CCDCFS asserts that the trial court fulfilled its duty under R.C. 2151.28(L) to make appropriate findings because upon rendering her decision at the conclusion of the adjudicatory hearing, the magistrate reviewed the allegations of the complaint and struck those it found were not supported by clear and convincing evidence, dismissed the complaint against M.M., and found that although the agency had not proven that C.M. and A.M. were neglected, it had proven they were dependent. (Tr. 428-433.) CCDCFS's argument fails because R.C. 2151.28(L)

requires "written findings of fact and conclusions of law." Accordingly, the magistrate's oral statements are insufficient to comply with the requirements of R.C. 2151.28(L). *In re B.S.*, 2019-Ohio-3481, ¶ 7 (4th Dist.) ("Although the trial court made some statements during the adjudicatory hearing about the reasons for its dependency finding, R.C. 2151.28(L) mandates written findings of fact and conclusions of law.").

{¶ 8} The judgment entries in this case do not contain specific findings regarding the existence of any danger to the children, any underlying family problems that formed the basis for the court's determination that the children are dependent, nor any conclusions of law. Because the trial court failed to comply with R.C. 2151.28(L), we are unable to properly review the dependency determinations in this case. *Id*. at ¶ 5 ("We cannot engage in a meaningful review of the trial court's decision due to a failure to comply with R.C. 2151.28(L).").

{¶ 9} "Where the juvenile court has failed to make the specific findings of fact and conclusions of law in support of its adjudication of dependency the judgment must be reversed and the matter remanded to the trial court to make the statutorily required written findings." *In re T.C.*, 2018-Ohio-4369, ¶ 11 (9th Dist.), citing *In re S.L.*, 2016-Ohio-5000, ¶ 9 (3d Dist.); *see also In re E.E.*, 2021-Ohio-2770, ¶ 51-52 (8th Dist.) (trial court's dependency finding reversed and matter remanded for the court to make necessary findings and conclusions of law in compliance with R.C. 2151.28(L)); *In re P.C.*, 2020-Ohio-2889, ¶ 26 (3d Dist.) (trial court's judgment finding children dependent reversed; matter remanded to the trial

court to issue judgment entries of dependency incorporating written findings of fact and conclusions of law in compliance with R.C. 2151.28(L)); *In re E.Z.*, 2016-Ohio-5412, ¶ 23, 25 (8th Dist.) (reversed and remanded because trial court's decision failed to satisfy the requirements of R.C. 2151.28(L)).

{¶ 10} Because the trial court's judgment entries did not comply with R.C. 2151.28(L), we reverse the trial court's judgments to the extent that they find that C.M. and A.M. are dependent and remand for the court to issue judgment entries that contain findings of fact and conclusions of law in compliance with the requirements of R.C. 2151.28(L). Father's assignment of error is sustained in part. To the extent Father argues the evidence offered at the adjudicatory hearing did not support the trial court's dependency determination, the assignment of error is rendered moot by our reversal and remand. Likewise, Mother's first assignment of error, which argues that the trial court's dependency finding was not supported by the weight of the evidence, is also moot. App.R. 12(A)(1)(c).

{¶ 11} In her second assignment of error, Mother contends that the trial court erred in dismissing her pro se objections to the magistrate's decision and that her counsel was ineffective for not filing objections to the magistrate's decisions. This assignment of error is likewise rendered moot by our reversal of the trial court's judgments. Upon remand, after the juvenile court issues judgment entries in compliance with R.C. 2151.28(L) as to its dependency determination, Mother can file objections to or appeal the properly issued entries if so desired.

{¶ 12} Reversed and remanded.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, ADMISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR