[Cite as *In re A.M.*, 2025-Ohio-1739.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE A.M., ET AL.                                  :

Minor Children                                      :              No. 114418

[Appeal by T.H., Mother]                            :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 15, 2025

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD-23904983 and AD-23904984

***Appearances:***

Edward F. Borkowski, Jr., *for appellant*.

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Joseph C. Young, Assistant Prosecuting
Attorney, *for appellee* CCDCFS.

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant T.H. ("mother") appeals from the judgments of the
Cuyahoga County Court of Common Pleas, Juvenile Division ("juvenile court"), that

found her children A.M. and C.M. to be dependent.[1]  Upon review, we affirm the decision in each child's case.

## I. Background

{¶ 2}  On April 25, 2023, the Cuyahoga County Division of Children and Family Services ("CCDCFS" or "the agency") filed a complaint alleging A.M., C.M., and M.M. (collectively "the children") were neglected and dependent and seeking temporary custody of the children to the agency.  After multiple hearings, A.M. and C.M. were adjudicated dependent and placed under the protective supervision of the agency.  In the initial consolidated appeals by mother and the children's father, this court "revers[ed] the trial court's judgments to the extent they found [A.M. and C.M.] to be dependent and remand[ed] for the court to issue judgment entries incorporating written findings of fact and conclusions of law in compliance with R.C. 2151.28(L)."  *In re C.M.*, 2024-Ohio-2713, ¶ 1 (8th Dist.).  Upon remand, a magistrate's decision was issued in each child's case that included the required statutory findings of fact and conclusions of law pursuant to R.C. 2151.28(L).  Mother filed objections to the magistrate's decision, and the juvenile court overruled her objections.  On September 9, 2024, the juvenile court journalized judgment entries that adopted the magistrate's decisions, included findings of fact and conclusions of law, determined by clear and convincing evidence that A.M. and C.M. are dependent children pursuant to R.C. 2151.04(C), adjudicated both A.M. and

---

[1] A separate appeal was filed by the father of the children.  We only address mother's appeal herein.

C.M. to be dependent, and adopted the court's earlier orders placing the children under the protective supervision of the agency. Mother timely appealed.

## II. Law and Analysis

{¶ 3} Under her sole assignment of error, mother claims that the juvenile court's decisions adjudicating A.M. and C.M. to be dependent are against the manifest weight of the evidence. "When reviewing for manifest weight, the appellate court must weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *In re Z.C.*, 2023-Ohio-4703, ¶ 14, citing *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 20.

{¶ 4} Initially, we recognize that although it is well established that the right to parent one's child is a fundamental right, the government has broad authority to intervene to protect a child's health or safety. *In re C.F.*, 2007-Ohio-1104, ¶ 28, citing *Troxel v. Granville*, 530 U.S. 57, 66 (2000); R.C. 2151.01. To this end, courts must liberally construe and interpret R.C. Ch. 2151, so as "to provide for the care, protection, and mental and physical development of children." *See In re Z.R.*, 2015-Ohio-3306, ¶ 20-21; R.C. 2151.01(A).

{¶ 5} Juvenile courts have exclusive original jurisdiction to hear complaints alleging that a child is an abused, neglected, or dependent child. *See* R.C. 2151.23(A)(1). In this matter, the juvenile court found clear and convincing evidence that both A.M. and C.M. are dependent pursuant to R.C. 2151.04(C).

R.C. 2151.04(C) defines a "dependent child" to mean any child "[w]hose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship[.]" The determination that a child is dependent under R.C. 2151.04(C) focuses on the child's condition or environment, and not on the parent's fault. *In re Riddle*, 79 Ohio St.3d 259, 263 (1997). However, "[t]he conduct of a parent is relevant under the terms of this specific section solely insofar as that parent's conduct forms a part of the environment of [the] child." *In re Burrell*, 58 Ohio St.2d 37, 39 (1979).

{¶ 6} In the underlying proceedings, CCDCFS presented evidence of conditions or environmental elements that were adverse to the normal development of A.M. and C.M. and warranted state intervention. In each child's case, the juvenile court made the following findings, among others:

> On or about April 8, 2023, mother was found unresponsive in her home by the child, C.M. The child called 911 to seek assistance for the mother when the child was unable to wake the mother.

> As a result of the mother's unresponsiveness, Cleveland police and EMS responded to the mother's home. [A Cleveland EMS worker] testified that when she responded to mother's house on or about April 8, 2023, mother's house was unsanitary. [Mother] appeared to be under the influence as she was not responsive. [The EMS worker] testified that she did not observe any drugs or paraphernalia. [She] testified that she viewed several bowls of feces in the upstairs of the mother's home and the home was cold. Despite her condition, the mother was able to walk downstairs assisted by the EMS workers.

> The mother left the hospital prior to receiving medical care.

> . . .

The children, A.M., C.M., and M.M. were previously found to be abused and neglected . . . . Mother's substance abuse was a contributing factor to the finding of abuse and neglect.

The children, A.M., C.M., and M.M. were in the temporary custody of [CCDCFS] from July 29, 2019 until February 18, 2021 when [the children] were reunited with the mother . . . . The custody order was modified on March 7, 2023 designating both parents as legal custodian and residential parent of [the children].

The child did not attend school on a consistent basis. Until March 7, 2023, the child was in the mother's legal custody. However, mother did not ensure that the child attended school on a daily basis. When both parents became the legal custodians and residential parents of the child on March 7, 2023, the child's attendance did not improve.

. . .

Throughout the proceedings, [father] was combative, argumentative, and disruptive of the proceedings. He refused to cooperate with CCDCFS in its efforts to ensure the safety and well-being of the children in his home and in the mother's home. [Mother's] behavior mirrored [father's] to a lesser extent.

During his testimony on August 14, 2023, [father] testified that the child was enrolled in school. When questioned by the assistant prosecuting attorney as to which school the child is enrolled in, [father] refused to answer the question. . . .

[Thereafter, father] testified that the children were enrolled at the Northeast Ohio College Preparatory School for the 2024-2025 school year.

On August 24, 2023, [a] CCDCFS Worker testified that upon verification with [the] Northeast Ohio College Preparatory School the child, C.M. missed 72 hours (approximately 11 days) and the child A.M. was not enrolled in school for the 2022-2023 school year.

The Court notes that the child M.M. was not of age to be legally required to attend school.

{¶ 7} Although the juvenile court found by clear and convincing evidence

that A.M. and C.M. are dependent children under R.C. 2151.04(C), the juvenile court

did not find M.M. to be dependent because M.M. was not at an age to be enrolled in school and was not present at the mother's home on April 8, 2023, when mother was found unresponsive. On appeal, mother challenges the juvenile court's findings and its determinations that A.M. and C.M. are dependent children.

{¶ 8} Mother argues that the juvenile court erred by finding A.M. and C.M. are dependent under R.C. 2151.04(C) because the complaint cited R.C. 2151.04(D) and the agency did not move to amend the complaint. However, the record shows the juvenile court effectively amended the complaint during its analysis of the evidence in relation to the allegations raised in the complaint and its pronouncement of its adjudicatory findings. Juv.R. 22(B) permits such an amendment by the court, "if the interests of justice require." The amendment of the complaint to conform to the evidence at trial also was permissible in accordance with Civ.R. 15(B).

{¶ 9} Further, although mother argues A.M. was not present at mother's house during the events on April 8, 2023, this does not mean that A.M. was not subjected to the living conditions in general. The home was described as unsanitary, cold, and having bowls with feces. Though mother claims CCDCFS failed to show the home was unsanitary for more than a short period of time, the fact that the conditions may have later been remedied does not negate the finding as related to the condition of the home as observed on April 8, 2023, and as specified in the complaint.

{¶ 10} Insofar as mother claims there was no mention of the children's education until the middle of the adjudicatory hearing, the record shows that the parents were not cooperative with disclosing information. Additionally, the complaint included allegations that the children's father lacks appropriate decision-making and parenting skills, and the juvenile court properly took into consideration all parental factors, including issues related to the schooling of the children and their education. Testimony was provided relating to the nonexistent or extremely poor school attendance of the children, and the children's guardian ad litem emphasized the need for the children to be educated.

{¶ 11} The juvenile court's findings and conclusions are supported by the record herein. Though mother points to other evidence in the record, or asserts a lack thereof, our review shows the juvenile court properly considered all of the testimony and evidence provided and adjudicated A.M. and C.M. to be dependent. We are not persuaded by any other argument presented by mother.

{¶ 12} After a careful review of the entire record, we are unable to find the finder of fact clearly lost its way or created a manifest miscarriage of justice. After careful consideration of the entire record, we find the juvenile court's determinations that A.M. and C.M. are dependent children are not against the manifest weight of the evidence.

{¶ 13} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
SEAN C. GALLAGHER, JUDGE

EMANUELLA D. GROVES, P.J., and
MARY J. BOYLE, J., CONCUR