[Cite as *In re R.M.*, 2025-Ohio-2909.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

In re R.M., R.H.                 Court of Appeals No.   H-24-028
                                                   H-24-029

                                    Trial Court No.  DNA 2024 0034
                                                 DNA 2024 0035

**<u>DECISION AND JUDGMENT</u>**

Decided:  August 15, 2025

* * * * *

Richard H. Palau, for appellee.

Miles T. Mull, for appellant.

* * * * *

{¶ 1} This is a consolidated appeal from the judgments of the Huron County Court of Common Pleas, Juvenile Division, which placed the minor children, R.M. and R.H., of appellant-mother, H.M., in shelter care pending adjudication, adjudicated them dependent children, granted temporary custody of each child to a close relative subject to the protective supervision of appellee, Huron County Department of Job & Family Services, and granted appellant-mother supervised visitation. The purported father of R.M. did not appeal the judgment. The natural father of R.H., who was granted temporary custody of

R.H., also did not appeal the judgment. Therefore, our discussion will be limited to appellant-mother.

{¶ 2} Appellant-mother sets forth four assignments of error:

> 1. The trial court erred by improperly removing the children, R.M. and R.H., from their mother's care without an investigation as to whether shelter care was warranted or required, without appropriate legal assistance before and at a shelter care hearing, and without any testimony or evidence presented of concerns, reasonable efforts to avoid the removal of the children, or in support of the reasonable grounds for removal as defined by R.C. 2151.31(A)(1).
> 2. The trial court erred by failing to enter written findings of fact or conclusions of law into the record of this case as required under R.C. 2151.28(L).
> 3. The trial court erred when it adjudicated the minor children as Dependent, such a finding was not supported by clear and convincing evidence as required by R.C. 2151.35(A) & Juv.R. 29(E)(4) and was against the manifest weight of evidence presented at trial.
> 4. The trial court abused its discretion in its Dispositional Order that limited the mother's contact with the minor children to be supervised-only without any credible evidence that the children would be under the threat of harm while in their mother's care.

## I. Background

{¶ 3} On May 3, 2024, appellee filed two complaints alleging dependency under R.C. 2151.04(C)[1] of four-year-old R.M. and 10-year-old R.H.[2] Appellee alleged that on or about May 1, 2024, while the children were in the home, appellant-mother and her sister-in-law "overdosed in the bathroom, emergency services were contacted, and mother and the friend were both hospitalized and in the ICU." When appellee followed

---

[1] R.C. 2151.04(C) defines a "dependent child" as any child "whose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship."

[2] The complaint for R.M. was assigned case No. DNA-2024-00034, and the complaint for R.H. was assigned case No. DNA-2024-00035.

2.

up with appellant-mother on May 3, she denied having a drug problem, refused to cooperate with appellee, and refused to communicate with appellee without her lawyer.

{¶ 4} Appellee sought two avenues of relief for the children: (1) a court order to inquire into the alleged dependency of R.M. and R.H., and (2) a court order granting temporary or legal custody to a relative or interested party, permanent or temporary custody to appellee with protective supervision, or permanent planning living arrangements.

{¶ 5} The juvenile court immediately held a shelter-care hearing on May 3, 2024, at which appellant-mother was present with her sister, the maternal aunt to R.M. and R.H. At the hearing appellant-mother acknowledged receiving the complaints alleging the children's dependency. When the juvenile court told appellant-mother of her "right to respond to what's being requested today," she replied, "This is all kind of crazy to me. I just, I want to go home." Appellant-mother admitted to completing counseling for a prior OVI offense and to current, "regular" mental health counseling.

{¶ 6} The juvenile court then transitioned into the shelter-care hearing at which it explained the following to appellant-mother: "This is where I have to make some temporary arrangements for the children between now and that day in June. . . . The focus is what's necessary for their safety and welfare between now and that day in June, what's otherwise in their best interest."

{¶ 7} As journalized on May 3, 2024, the juvenile court, on its own motion, ordered R.M. into the temporary custody with the maternal aunt and "a complete Judgment Entry be prepared by the Clerk of this Court as soon as practical." The juvenile

3.

court's judgment entry was journalized on May 8, and ordered, among many other directives, that R.M. be placed in the temporary custody of the maternal aunt under appellee's protective supervision, that R.H. be placed in the temporary custody of the father under appellee's protective supervision, and that appellant-mother be granted supervised visitation with the children as approved by appellee. In compliance with R.C. 2151.314, the juvenile court also appointed appellant-mother an attorney and ordered her to contact the attorney within three days of receipt.

{¶ 8} The next step in the case was the adjudication hearing on July 15, 2024. The juvenile court adjudicated R.M. and R.H. dependent children under R.C. 2151.04(C), and continued the shelter care orders for R.M. and R.H. under R.C. 2151.353(A)(2)(d) and R.C. 2151.353(A)(2)(c), respectively, until disposition, set for two days later. Among those present were appellant-mother with her attorney.

{¶ 9} The juvenile court's judgment entry journalized on July 16, states:

> Thereupon, the Court ordered the separation of witnesses, ordered the prosecuting attorney to present witnesses and evidence in support of the complaint allegations, and conducted an adjudicatory hearing. Upon consideration of the witnesses and evidence presented, the Court finds by clear and convincing evidence that said children are dependent as alleged in the complaint and it is therefore ordered that an adjudication of dependency be entered.

{¶ 10} Then on July 17, the juvenile court held the disposition hearing for the dependent children R.M. and R.H. During the hearing the juvenile court received testimony from two witnesses. At the conclusion of the witness testimonies, the juvenile court approved the case plan proposed by appellee, continued R.M.'s placement with the maternal aunt, continued R.H.'s placement with the father, and ordered appellee's

4.

supervision of appellant-mother's visits with the children subject to "increase[ing] your parenting time, relaxing the restrictions on your parenting time, as your sobriety and compliance with treatment dictates and as otherwise progress with the Case Plan dictates." The juvenile court concluded, "So this is an ongoing process. I'm adopting a Case Plan that does call at least for one of the children [R.M.] for reunification, but the Court is satisfied that the existing orders are certainly in the best interest of the children. They will continue pending the next hearing."

{¶ 11} Appellant-mother timely appealed the juvenile court's decisions.[3] On August 15, 2024, under App.R. 3(B), this court consolidated both cases.

## II. Law and Analysis

{¶ 12} In her second assignment of error, appellant contends that the juvenile court erred by failing to enter written findings of fact or conclusions of law into the record of this case as required under R.C. 2151.28(L). That section states:

> If the court, at an adjudicatory hearing held pursuant to [R.C. 2151.28(L)] upon a complaint alleging that a child is . . . dependent, . . . determines that the child is a dependent child, the court shall incorporate that determination into written findings of fact and conclusions of law and enter those findings of fact and conclusions of law in the record of the case. The court shall include in those findings of fact and conclusions of law specific findings as to the existence of any danger to the child and any underlying family problems that are the basis for the court's determination that the child is a dependent child.

{¶ 13} Appellee asserts that any error in this respect has been waived under Civ.R. 52 which states in relevant part:

---

[3] The appeal for R.M. was assigned case No. H-24-028, and the appeal for R.H. was assigned case No. H-24-029

5.

When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the findings of fact found separately from the conclusions of law.

{¶ 14} We find appellee's argument unpersuasive. "The Rules of Civil Procedure apply to custody proceedings in juvenile court except when they are clearly inapplicable." *In re H.W.,* 2007-Ohio-2879, ¶ 11, citing *State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 360 (1994) and former Civ.R. 1(C)(7), now Civ.R. 1(C)(8).

{¶ 15} In this instance, appellee filed a complaint under R.C. 2151.28(A) alleging that the minor children were dependent.

{¶ 16} R.C. 2151.28(L) directs that if the juvenile court determines that the child is a dependent child, the court shall incorporate that determination into written findings of fact and conclusions of law and enter those findings of fact and conclusions of law in the record of the case. The court shall include in those findings of fact and conclusions of law specific findings as to the existence of any danger to the child and any underlying family problems that are the basis for the court's determination that the child is a dependent child.

{¶ 17} Generally, a statute containing the word "shall" is construed as mandatory. *In re K.M.*, 2020-Ohio-995, ¶ 19, citing *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102 (1971), paragraph one of the syllabus.

6.

{¶ 18} In this case, the juvenile court's judgment entry journalized on July16, 2024, after the adjudicatory hearing of July 15, simply states "the court finds by clear and convincing evidence that said children are dependent as alleged in the complaint and it ordered that an adjudication of dependency be entered." It makes no findings of fact and conclusions of law specifically as to the existence of any danger to the children and any underlying family problems that are the basis for the court's determination. "Such a general statement is insufficient to constitute conclusions of law." *In re B.S.*, 2019-Ohio-3481, ¶ 6 (4th Dist.), citing *In re S.W.*, 2008-Ohio-1194, ¶ 11 (12th Dist.). In addition, the allegations in the complaint do not satisfy the requirement for specific findings as to the existence of any danger to the children and any underlying family problems that are the basis for the dependency determinations.

{¶ 19} Where the juvenile court has failed to make the specific findings of fact and conclusions of law in support of its adjudication of dependency, the judgment must be reversed and the matter remanded to the juvenile court to make the statutorily-required written findings. *In re T.C.*, 2018-Ohio-4369, ¶ 11 (9th Dist.), citing *In re S.L.*, 2016-Ohio-5000 ¶ 9 (3d Dist.) and *In re A.B.C.*, 2011-Ohio-531, ¶ 31 (5th Dist.). Accordingly, we reverse the juvenile court's judgment and remand for it to issue findings of fact and conclusions of law in conformity with R.C. 2151.28(L).

{¶ 20} Appellant's second assignment of error is found well-taken. This decision renders the remaining assignments of error premature, so we decline to address them at this time.

7.

## III. Conclusion

{¶ 21} The judgments of the Huron County Court of Common Pleas, Juvenile Division, which placed the minor child, R.M., in shelter care with the maternal aunt, placed the minor child, R.H., in shelter care with the father, adjudicated R.M. and R.H. dependent children, granted temporary custody of R.M. to the maternal aunt, granted temporary custody of R.H. to the father, and granted appellant-mother appellee-supervised visitations are reversed and ordered remanded to issue findings of fact and conclusions of law in conformity with R.C. 2151.28(L). Appellee to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.